S. S. KRESGE CO. *v.* UNITED STATES (No. 4008) [1]

United States Court of Customs and Patent Appeals, May 3, 1937

*Sharretts & Hillis (Edward P. Sharretts* and *Arthur L. Tallman* of counsel) for appellant.

*Joseph R. Jackson,* Assistant Attorney General *(John Joseph McDermott,* special attorney, of counsel), for the United States.

[Oral argument April 7, 1937, by Mr. Tallman and Mr. Jackson]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Five importations of paper bells were made by appellant at the port of New York on various dates from September 17 to October 17, 1934. These were classified by the collector at 70 per centum ad

---

[1] T. D. 48975.

valorem under paragraph 1513 of the Tariff Act of 1930, and were claimed by protest 764604–G as dutiable at 25 per centum ad valorem under paragraph 1403, or, alternatively, at 35 per centum ad valorem under paragraph 1413, or, alternatively, at 45 per centum ad valorem under paragraph 397 of said act.

The portions of the paragraphs which are material are as follows:

PAR. 1513. Dolls and doll clothing, composed in any part, however small, of any of the laces, fabrics, embroideries, or other materials or articles provided for in paragraph 1529 (a), 90 per centum ad valorem; dolls and toys, composed wholly or in chief value of any product provided for in paragraph 31, having any movable member or part, 1 cent each and 60 per centum ad valorem; not having any movable member or part, 1 cent each and 50 per centum ad valorem; parts of dolls or toys, composed wholly or in chief value of any product provided for in paragraph 31, 1 cent each and 50 per centum ad valorem; all other dolls, parts of dolls (including clothing), doll heads, toy marbles, toy games, toy containers, toy favors, toy souvenirs, of whatever materials composed, air rifles, toy balloons, toy books without reading matter (not counting as reading matter any printing on removable pages), other than letters, numerals, or descriptive words, bound or unbound, and parts thereof, garlands, festooning and Christmas tree decorations made wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads, and all other toys, and parts of toys, not specially provided for, 70 per centum ad valorem. As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

PAR. 1403. Filter masse or filter stock, composed wholly or in part of wood pulp, wood flour, cotton or other vegetable fiber, 20 per centum ad valorem; indurated fiber ware, masks composed of paper, pulp or papier-mâché, and manufactures of papier-mâché, not specially provided for, 25 per centum ad valorem; manufactures of pulp, not specially provided for, 30 per centum ad valorem.

PAR. 1413. Papers and paper board and pulpboard, including cardboard and leatherboard or compress leather, embossed, cut, die-cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, or cut or shaped for boxes or other articles, plain or printed, but not lithographed, and not specially provided for; paper board and pulpboard, including cardboard and leatherboard or compress leather, plate finished, supercalendered or friction calendered, laminated by means of an adhesive substance, coated, surface stained or dyed, lined or vat-lined, embossed, printed, or decorated or ornamented in any manner;   *   *   *   manufactures of paper, or of which paper is the component material of chief value, not specially provided for, all the foregoing, 35 per centum ad valorem;   *   *   *.

PAR. 397. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 65 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

On the trial below, the importer dismissed his appeal as to three of the then four pending protests, leaving the only protest at issue to

be the one here involved, namely, protest 764604–G, which covers all of the entries involved.

The trial court held, relying largely on its former case of *Frank P. Dow & Co., Inc.* v. *United States*, Abstract 23953, 63 Treas. Dec. 1494, that the protest should be overruled, giving as a reason therefor that the collector's return carried with it the presumption that the articles involved were toys, as provided in said paragraph 1513, that this presumption of correctness had not been overcome by any evidence offered on the part of the importer, and that the classification must, therefore, be upheld.

The importer has appealed, claiming that the Customs Court is in error in its finding; that there is no presumption in the case for the reason that the collector had not classified the goods as toys, under said paragraph 1513, but as Christmas decorations of bullions; and that the articles imported are not such articles and are not classifiable under said paragraph.

The collector made the following report as to the character of the goods in question:

The following statement relative to the rate imposed or assessment complained of is submitted:

*Description of Merchandise and Assessment.*

Articles composed of laminated paper in the form of a bell: Classified at 70% paragraph 1513, of the Tariff Act of 1930.

*Reasons and Authority for Action.*

Abst. 23953 followed. The examiner reporting the articles to have been coated on the inner surface with a white substance and on the outside with a bright metal foil of silver color. The article was reported to be in chief value of bullions, and for use as Christmas tree decorations.

The entries, invoices, and official special reports covered by the protests are herewith inclosed.

The requirements of Section 514, Title IV, Part III, Tariff Act of 1930, were complied with.

Respectfully,

N. W. O'REAR,
*Chief Liquidator.*

The appraiser's answer to protest in this case is as follows:

Protest No. 14009.      5–27–35
Importer: S. S. Kresge Company.
Invoice No. Various.

|  |  |  |  |  |
|---|---|---|---|---|
|  | 1468 |  |  | 10/11/34 |
| 1069 | 1618 |  | 9/17/34 | 10/19/34 |
| Entry Nos. 1281 | 1634 |  | Date: 9/28/34 | 10/20/34 |

The merchandise consists of articles composed of laminated paper formed in the shape of a bell, coated on the inner surface with a white substance and covered on the outside with bright metal foil of silver color. A white substance simulating snow also covers a portion of the outer surface. Advisory return for duty was

made as Christmas tree decorations wholly or in chief value of bullions at 70% ad valorem, Par. 1513, Act of 1930, in harmony with the practice at the port of New York and following Abs. 23953.

Seven samples submitted.

THOS. JARRETT,
*Appraiser.*

S. S. BIRKS, Jr.,
*Examiner.*

The importer called, as witnesses on his behalf, Robert Fielding, an examiner at the port of New York, and Norman Cunningham, assistant to the merchandise manager in the New York district of the appellant.

The witness Fielding testified that it was his duty to officially pass upon importations of Christmas tree decorations made wholly or in chief value of tinsel wire, lame, bullion, and metal threads; that he had examined samples of the merchandise here involved, and that there was no tinsel wire, lame, bullion, or metal threads contained in the imported articles. He also testified that he had seen samples of the merchandise, such as was here imported, suspended in wreaths, such as are used around Christmas time.

The witness Cunningham stated that he knew the uses to which the imported articles were applied, and had seen them used. They are used, according to this witness, suspended from chandeliers, in windows, and in archways, at Christmas time.

The case was submitted on this report of the collector and the answer of the appraiser, and on the foregoing testimony.

It seems quite evident that it was the intent of the collector to classify these articles for duty, as decorations made in chief value of bullions, under the provision of the statute, paragraph 1513, "garlands, festooning, and Christmas tree decorations made wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads."

It furthermore appears that there was no intent by the collector to classify them as toys.

We have said in a recent case, *United States* v. *White Sulphur Springs Co.*, 21 C. C. P. A. (Customs) 203, T. D. 46728:

Where a paragraph of a tariff act makes provision for two or more distinctly different kinds of merchandise and the collector of customs specifically classifies an importation as one of those kinds, the legal presumption that such classification is correct attaches, but such presumption of correctness is limited to the specific classification made, and, in case it be found that the merchandise is not such specific kind, it may not be held that there is a legal presumption that it is some other kind which happens to be included in the same paragraph but of which the appraiser gives no description and the collector makes no mention in his classification.

It follows, therefore, if we are to apply the rule laid down in the case just cited, that the only presumption that obtains in this case as

to the collector's classification is that the imported articles consisted of decorations, which were made of the various materials specified in the statute, or of some of them. There is no presumption that the articles were classified as toys, because it is quite evident that they were not considered as such by the customs officers.

It having been demonstrated by the testimony of the examiner that this classification as Christmas decorations composed of the various materials named in the statute is erroneous, then the classification remains without a supporting presumption of its correctness. In this respect, the case follows *Smith & Nichols, Inc.* v. *United States*, 18 C. C. P. A. (Customs) 16, T. D. 43974, in which, the collector having reported that his classification was incorrect, we held that his classification could not legally be presumed to be correct, but that, on the contrary, it was obviously wrong.

This leaves the case with the exhibits as the only basis upon which the classification can stand, together with the somewhat insufficient proof of their use. From this showing, there is nothing that will justify their classification as made by the collector. On the contrary, the imported articles may properly be classified under said paragraph 397, as they were stipulated on the trial below to be in chief value of metal foil.

The judgment of the United States Customs Court is *reversed* and the cause is *remanded*, with directions to cause the classification of the imported goods to be made in conformity with our views expressed herein.